**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MELTON LEE MILLER                                                                                         PLAINTIFF
ADC #82966

V.                                        NO: 5:11CV00057 JMM/HDY

KAREN HOLMAN *et al.*                                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following partial recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Melton Lee Miller, an inmate at the Arkansas Department of Correction's Randall Williams Correctional Facility, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 8, 2011, alleging that he was denied adequate medical care for a leg problem. On August 18, 2011, Defendants Roland Anderson and Holly C. Mathis filed a motion to dismiss, along with a brief in support (docket entries #32 & #33). Plaintiff has filed several pleadings in response to Defendants' motion (docket entries #40-#44 & # #46).

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to

raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he has been denied adequate medical treatment for a swollen left leg. Anderson and Mathis assert that Plaintiff's claims against them should be dismissed because Plaintiff made no allegations of wrongdoing against them in his complaint.

Although it is true that Plaintiff made no real allegations against either Anderson or Mathis in his complaint, Plaintiff's responses clarify that he alleges that Mathis refused to provide him with any treatment other than a "water pill," when the pill was ineffective, and that Anderson is allegedly the one deciding to withhold treatment (docket entry #41). Giving Plaintiff's complaint the liberal construction which is due, and reading it together with his responses to Defendants' motion, the undersigned believes that Plaintiff has sufficiently stated a claim for relief against Anderson and Mathis. Accordingly, the motion to dismiss should be denied.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the motion to dismiss filed by Defendants Roland Anderson and Holly C. Mathis (docket entry #32) be DENIED.

DATED this __16__ day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE