**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MELTON LEE MILLER                                                               PLAINTIFF
ADC #82966

V.                                        NO: 5:11CV00057 JMM/HDY

KAREN HOLMAN *et al.*                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Melton Lee Miller, an inmate at the Randall Williams Correctional Facility of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on March 8, 2011, alleging that he was denied adequate medical care for a leg problem. On August 1, 2012, Defendants Roland Anderson and Holly C. Mathis filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #95-#97). Plaintiff filed a response and brief in support (docket entries #99 & #100).

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

## II. Analysis

Anderson and Mathis assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them. In response, Plaintiff contends that he attempted to file the grievances with Wendy Kelly, but that the grievances were returned. In essence, Plaintiff alleges that the grievance procedure was not available.

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

On September 21, 2012, the undersigned recommended that Defendants' motion be denied, because material facts were in dispute regarding the availability of the grievance procedure. Defendants filed objections (docket entry #107). Thereafter, on October 9, 2012, Plaintiff filed a reply to Defendants' objections (docket entry #109). On October 11, 2012, United States District

Judge James M. Moody declined to adopt the recommendation in light of the objections, based on the additional information submitted by Defendants.  On October 18, 2012, Defendants filed a reply to Plaintiff's reply (docket entry #111).

In their objections, Defendants argue Plaintiff was not prevented from utilizing the grievance process, and sending grievances to Kelley was inconsistent with prison grievance policy. Defendants further argue that, even if the grievances were properly submitted to Kelley, they were not named in any grievance.  In support of their claim, Defendants have provided the affidavit of Sherrie Williams, the ADC's medical grievance investigator.  In her affidavit, Williams explains that the ADC's grievance procedure has three steps which must all be properly completed, in order for an inmate to exhaust his administrative remedies.  Step one is an informal resolution presented to a problem solver.  If the inmate is dissatisfied with the response, he may proceed to step two, which in the case of a medical issue is forwarded to the appropriate medical personnel for a response. Finally, if the inmate is still not satisfied, he may file an appeal to Kelley, whose decision is the end of the grievance process.

Williams's declaration indicates that Plaintiff did attempt to file two grievances with Kelley, but he had not completed step two of the procedure by having the grievances processed at the unit, and they were therefore not assigned numbers, or properly appealed to Kelley.  Williams also notes that Kelley returned the grievances to Plaintiff with a letter explaining that she was returning them without a reply because he failed to follow policy and have the grievances processed at the unit. Thus, according to Williams, Plaintiff completed step one, the informal resolution stage, but failed to properly appeal any grievance.  In reply, Plaintiff contends that he tried to submit the grievances to the warden at step two, but those were rejected.  Defendants' reply references the grievance

4

policy, which provides that medical grievances go to the appropriate medical personnel, and that the warden therefore could not have rejected it.

Based on the evidence Defendants have presented, it is apparent that Plaintiff failed to follow the grievance policy which has been adopted by the prison system. Although he may have attempted to file a grievance with the warden, and with Kelley, doing so does not establish compliance under the ADC's system. The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because Plaintiff failed to achieve proper exhaustion pursuant to ADC policy, Defendants are entitled to summary judgment.[1]

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.      Defendants' motion for summary judgment (docket entry #95) be GRANTED, and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this ___14___ day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]Even if Plaintiff had achieved full exhaustion, neither informal resolution he filed names either Defendant, which is required under ADC policy. *See* docket entry #97-1, page #7; docket entry #107-1, pages #8 & #9.